UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GORSS MOTELS, INC., a Connecticut
corporation, individually and as the
representative of a class of similarly-situated
persons,

      Plaintiff,

      v.

A.V.M. ENTERPRISES, INC., a Tennessee
corporation, and John Does 1-5,

      Defendants.

No. 3:17-cv-1078 (VAB)

**RULING AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

Gorss Motels, Inc. ("Gorss Motels" or "Plaintiff") filed this class action Complaint on June 29, 2017, alleging that A.V.M. Enterprises, Inc., and John Does 1-5 sent unsolicited facsimiles ("faxes") to Gorss Motels and other similarly situated plaintiffs in violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA"), and Conn. Gen. Stat. § 52-570c. Compl. ¶¶ 1-3.

Defendants moved to dismiss, ECF No. 34, and Plaintiff opposed the motion, ECF No. 38. For the following reasons, Defendants' motion to dismiss is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Gorss Motels, individually and on behalf of all others similarly situated, alleges that A.V.M., a Tennessee corporation, sent unsolicited advertisements by facsimile ("fax") on or about June 15, 2015, June 23, 2015, July 15, 2015, October 19, 2015, and May 16, 2016. Compl. ¶¶ 3, 14. Gorss Motels alleges that the faxes "describe the commercial availability or quality of

1

Defendants' products, goods and services." *Id.* ¶ 3. Gorss Motels alleges that it received five unsolicited faxes, and that A.V.M. receives "some or all of the revenues from the sale of the products, goods and services advertised on [the faxes], and Defendants profit and benefit for the sale of the products, goods and services advertised on [the faxes]." *Id.* ¶¶ 14-15.

Gorss Motels asserts that A.V.M. sent the same and similar faxes to at least forty other recipients within the four-year statute of limitations period, without obtaining the "recipients' express invitation or permission and without having an established business as defined by the [Telephone Consumer Protection Act] and its regulations." *Id.* ¶ 17.

Gorss Motels filed this Complaint on June 29, 2017, alleging that A.V.M. violated the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. *Id.* ¶ 3. Gorss Motels also claims that A.V.M. did not provide a sufficient opt-out provision, as required by 47 C.F.R. § 64.1200. *Id.* ¶ 19. Gorss Motels also asserts claims under Conn. Gen. Stat. § 52-570c. *Id.* ¶ 3.

Gorss Motels claims that this Court has federal question jurisdiction over this case under 28 U.S.C. § 1331 and 47 U.S.C. § 227. *Id.* ¶ 7. In addition, Gorss Motels asserts that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over its state law claims. *Id.* ¶ 8. Gorss Motels also claims that the Court has personal jurisdiction over Defendants because "Defendants transact business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district." *Id.* ¶ 9. Finally, Gorss Motels claims that venue is proper under 28 U.S.C. §§ 1391(b)(2) because "this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred," *id.* ¶ 10, and that they bring this suit under 47 U.S.C. § 227(b)(3), which establishes a private right of action. *Id.* ¶ 34.

On October 2, 2017, A.V.M. moved to dismiss the Complaint under Federal Rules 12(b)(1) and 12(b)(6). Mot. Dismiss, ECF No. 34. A.V.M. argues that the faxes were sent to the recipients in the context of their relationships with Wyndham Worldwide, not as unsolicited advertisements. *Id.* at 6. Second, A.V.M. argues that the TCPA requires an opt-out notice only for unsolicited faxes; because these were not unsolicited, A.V.M. argues, this Count must also be dismissed. *Id.* at 7-9. A.V.M. also argues that the alleged technical violation of the opt-out requirement does not amount to an injury in fact under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief").

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, to state a plausible claim, a plaintiff's complaint must have "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 555, 557.

The Complaint must be construed liberally, and "all reasonable inferences must be drawn in the plaintiff's favor." *Concord Assocs., L.P. v. Entm't Properties Tr.*, 817 F.3d 46, 52 (2d Cir.

2016); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (noting that, at this stage, the Court views the facts alleged in the Complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor). Still, the Complaint must contain "more than a sheer possibility that a defendant has acted unlawfully." *Galiano v. Fed. Nat. Title Ins. Co.*, 684 F.3d 309, 313 (2d Cir. 2012). In other words, the Court will not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If a federal court lacks subject-matter jurisdiction under Rule 12(b)(1), the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction[.]" *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *see also Spokeo, Inc.*, 136 S. Ct. at 1547 (explaining that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "Objections to a tribunal's jurisdiction can be raised at any time[.]" *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013). In determining whether a case or controversy exists, the district court will view all uncontroverted facts as true and "draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Where jurisdictional facts are in dispute, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

## III. DISCUSSION

A.V.M. moves to dismiss on two grounds. First, A.V.M. argues that Gorss Motels fails to allege that the faxes were unsolicited, as required under 47 U.S.C. 227(b)(1)(C). Mot. Dismiss at 5. Second, A.V.M. argues that it was not subject to an opt-out notice requirement on its faxes to

4

Gorss Motels, because the faxes were not unsolicited. *Id.* at 7. The Court finds that the Complaint sufficiently states a claim for relief on its face: that A.V.M. sent Gorss Motels unsolicited faxes in violation of the Junk Fax Prevention Act, 47 U.S.C. § 227, and a similar provision under Connecticut law, Conn. Gen. Stat. § 52-570c. Compl. ¶¶ 3, 19.

47 U.S.C. § 227(b)(1) makes it unlawful to send an unsolicited advertisement to a fax machine unless the sender has (1) an "established business relationship with the recipient"; (2) obtained the fax number through "voluntary communications of such number, within the context of such established business relationship," or because the recipient voluntarily made the number available through a directory, advertisement, or website; and (3) "the unsolicited advertisement contains a notice meeting the requirements under paragraph 2(D) . . . ." The FCC defines an existing business relationship as:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(6). Paragraph (2)(D) enables the Federal Communications Commission ("FCC") to "prescribe regulations to implement the requirements of this subsection," including that the FCC "shall provide that a notice contained in an unsolicited advertisement" must contain an opt-out notice. 47 U.S.C. § 227(2)(D). The notice must be "clear and conspicuous and on the first page of the unsolicited advertisement," and it must state that the "recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines . . . ." *Id.*

### 1. Solicitation

A.V.M. argues that "[a]lthough Plaintiff alleges that it did not give consent to *AVM*, it does *not* allege that it did not give consent to the Wyndham," and "[t]his deficiency is fatal to his claim." *Id.* at 6. A.V.M. argues that here, "the faxes themselves make plain that the faxes came from, or in concert, with Wyndham" and "in the context of Plaintiff's relationship as a 'Wyndham Worldwide entit[y][.]'" *Id.* A.V.M. also includes a franchise agreement between Super 8 Worldwide and Gorss Motels, Inc., and claims that Super 8 is a Wyndham brand. Mot. Dismiss at 10. A.V.M. claims that Gorss Motels gave Wyndham its fax number in the franchise agreement. Mot. Dismiss Ex. A § 17.3. A.V.M. therefore claims that the faxes are communications from Wyndham to its franchisees, sent in the course of their business relationship. *Id.* at 3.

Gorss Motels responds that A.V.M., not Wyndham, sent the faxes at issue. Pl.'s Resp. to Mot. Dismiss at 1, ECF No. 38. Furthermore, Gorss Motels argues that it is not required to allege that Wyndham, a non-party to the lawsuit, sent unsolicited faxes to Gorss Motels. *Id.* at 5. The Court agrees.

Although not binding on this Court, the decision in *Vinny's Landscaping, Inc. v. United Auto Credit Corporation*, 207 F. Supp. 3d 746 (E.D. Mich. 2016), is instructive. There, in response to arguments raised in a motion to dismiss, the court denied the motion, explaining that "Plaintiff's allegations, taken together with the Fax at issue [in that case], are sufficient to withstand dismissal at the 12(b)(6) stage." *Id.* at 749. That is the case here. The issue of whether the faxes were solicited, including whether there was an "established business relationship" between Gorss Motels and A.V.M, is better determined at a later stage of this case. For now, it is sufficient that A.V.M. is provided "fair notice of what the . . . claim is and the grounds upon

which it rests[.]" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While A.V.M. wishes for Gorss Motels to plead more, A.V.M. cannot argue that it does not understand this lawsuit. The Complaint therefore alleges sufficient facts to give A.V.M. "fair notice" of Gorss Motels's claims.

### 2. The Opt-Out Notice

A.V.M. also argues that Gorss Motels's second claim, that A.V.M. is liable for failing to include a proper opt-out notice in its faxes, fails for two reasons. First, A.V.M. argues that the Solicited Fax Rule no longer applies to solicited faxes, and the faxes at issue here were solicited. Mot. Dismiss at 7. Second, A.V.M. argues that Gorss Motels lacks standing because it alleges merely a "bare procedural violation," and not concrete harm, under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

#### i. The Solicited Fax Rule

In 2006, the FCC issued a rule that required that business include on the front of faxes a notice that the recipient may opt-out. 47 C.F.R. § 64.1200(a)(4)(iv) ("No person or entity may . . . [u]se a telephone facsimile machine . . . to send an unsolicited advertisement to a telephone facsimile machine, unless . . . [t]he advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements."), *held invalid by Bais Yaakov of Spring Valley v. Federal Communications Commission*, 852 F.3d 1078 (D.C. Cir. 2017); *see also* 21 FCC Rcd. 3787, 3811-12 ¶¶ 45-46 (April 6, 2006).

In *Bais Yaakov of Spring Valley*, the D.C. Circuit limited that rule. 852 F.3d 1078, 1083 (D.C. Cir. 2017). The court explained the scope of the relevant part of the Junk Fax Prevention Act: it "bans most unsolicited fax advertisements, but allows unsolicited fax advertisements in certain commercial circumstances. When those unsolicited fax advertisements are allowed, the

Act requires businesses to include opt-out notices on the faxes." *Id.* at 1079 (citing 47 U.S.C. § 227(b)). At the time, the FCC's opt-out notice rule also required opt-out notices on solicited advertisements. *Id.* Considering the scope of the FCC's authority to regulate solicited faxes under *Chevron USA Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 & n.9 (1984), the court held that the Junk Fax Prevention Act did not "grant the FCC authority to require opt-out notices on solicited faxes." *Id.* at 1083. The court therefore concluded that the "FCC's 2006 Solicited Fax Rule is unlawful to the extent that it requires opt-out notices on solicited faxes." *Id.* It also found that the plaintiffs in that case, who had "admitted that they had expressly given permission to [the sender] . . . to send fax advertisements to the plaintiffs," could not sue the sender for failing to include an opt-out notice. *Id.* at 1081, 1083.

Here, unlike the recipients in *Bais*, the plaintiffs have not "admitted that they had expressly given permission" to A.V.M. to send faxes to them. *See, e.g.*, ¶ 32 ("The Faxes were transmitted to persons or entities without their prior express invitation or permission . . . ."). In any event, regardless of the applicability of the 2006 Solicited Fax Rule, the underlying issues are factual and better addressed at a later stage of the case. *Cf. Vinny's Landscaping, Inc.*, 207 F. Supp. 3d at 749 ("Plaintiff's allegations, taken together with the Fax at issue [in that case], are sufficient to withstand dismissal at the 12(b)(6) stage.").

      **ii.  Standing**

A.V.M. also argues that Gorss Motels does not have standing to sue under *Spokeo Inc. v. Robins*. Mot. Dismiss at 9. A.V.M. argues: "Plaintiff's claim for injury under the TCPA is based *solely* in the absence of an opt-out notice because even if Plaintiff had not consented—which it did—Wyndham sent the documents pursuant to its established business relationship ("EBR") with Plaintiff." *Id.* The Court disagrees.

8

This standing argument is limited to a particular situation: whether Gorss Motels can allege an injury in fact to support standing if it alleges that the "unsolicited fax advertisements that are sent in the context of an EBR to a recipient who provided its fax number do not violate the TCPA unless the requisite opt-out notice is missing." Mot. Dismiss at 9. After *Spokeo*, "in the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest injury in fact." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) (citing *Spokeo*, 136 S. Ct. at 1550). But the Second Circuit has clarified that *Spokeo* does not "categorically . . . preclude[] violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing"; rather, "some violations of statutorily mandated procedures may entail the concrete injury necessary for standing." *Id.* Thus, "where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient 'risk of real harm' to the underlying interest to establish concrete injury without 'need [to] allege any *additional* harm beyond the one Congress has identified.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549 (emphasis in original)).

Here, Gorss Motels alleges that the five unsolicited advertisements that A.V.M. allegedly sent without opt-out notices harmed them by wasting their ink, paper, and time. Compl. ¶¶ 3, 14. Those alleged harms are precisely the harms that the Junk Fax Prevention Act, 47 U.S.C. § 227, aims to address. *See Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 463 (6th Cir. 2017) (explaining that JFPA was "geared towards curbing the inundation of 'junk faxes' that businesses were receiving . . . . These faxes were seen as problematic because they forced unwitting recipients to bear the costs of the paper and ink and also monopolized the fax line, preventing businesses from receiving legitimate messages." (citing H.R. Rep. 102-317 at 10 (1991)).

Whether the faxes were solicited and whether the faxes contained a proper opt-out notice is a factual dispute that may be addressed at the summary judgment stage. At this early stage, the Court finds that Gorss Motels has made sufficiently concrete and particularized claims to support standing. *See Gorss Motels, Inc. v. Sysco Guest Supply, LLC*, No. 3:16-cv-1911-VLB, 2017 WL 3597880, at *5 (D. Conn. Aug. 21, 2017) ("In summary it is clear there exists ample case law supporting the proposition that the TCPA has created a 'legally cognizable interest' in protecting individuals and entities from unwanted faxes, and that the violation of the statute creates a 'real' and 'not abstract' harm."); *accord Progressive Health & Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, at *5 (S.D. Ohio 2017) (finding that "the receipt of an impermissible fax constitutes a concrete and particularized injury under . . . *Spokeo.* At this stage, the Court finds that Plaintiff has alleged a sufficient injury-in-fact to have standing to bring its TCPA claim."); *see also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("Unlike in *Spokeo*, where a violation of a procedural requirement minimizing reporting inaccuracy may not cause actual harm or present any material risk of harm, *see id.* at 1550, the telemarketing text messages at issue here, absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.").

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 2nd day of February, 2018.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE