## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GORSS MOTELS INC., a Connecticut
corporation, individually on behalf of a class
of similarly-situated persons,

Plaintiff,

v.

A.V.M. ENTERPRISES, INC., a Tennessee
corporation, and JOHN DOES 1-5,

Defendants.

Case No. 3:17-CV-1078-KAD

## PLAINTIFF'S REPLY TO AVM'S RESPONSE TO
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, Gorss Motels, Inc., replies as follows to Defendant A.V.M. Enterprises, Inc.'s ("AVM") response to Plaintiff's Notice of Supplemental Authority. (Doc. 109).

### Plaintiff's Reply to AVM's Response to *Eric Ryan*

In response to Plaintiff's submission of *Gorss Motels, Inc. v. Eric Ryan Corporation*, No. 3:17-cv-126 (DJS) (Doc. 99), 2020 WL 2713418 (D. Conn. May 21, 2020) as supplemental authority in support of Plaintiff's motion for summary judgment and in opposition to AVM's motion for summary judgment, *see* Doc. 99, AVM argues that, unlike the faxes at issue here, *Eric Ryan* dealt with faxes sent prior to Plaintiff signing the 2014 Franchise Agreement and the Property Improvement Plan ("PIP"). According to AVM, in signing the 2014 Franchise Agreement and the PIP, Plaintiff provided AVM with prior express permission to send it fax advertisements. AVM is incorrect for several reasons.

Frist, as evident from AVM's discussion of *Eric Ryan*, both *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094 (11th Cir. 2019), and *Gorss Motels, Inc. v. Otis Elevator Co.*, 422 F. Supp. 3d 487 (D. Conn. 2019) found that the defendants in those cases (Safemark and Otis) were

"affiliates" of Wyndham for purposes of Section 4.4 of the 2014 Franchise Agreement, and both premised Plaintiff's alleged provision of prior express permission on that finding. *Eric Ryan*, 2020 WL 2713418, at *9; *see also Safemark*, 931 F.3d at 1100 (holding that "[b]y agreeing that Wyndham *affiliates* could offer assistance with purchasing items for the hotels and by providing their fax numbers, the hotels gave express permission to receive fax advertisements from *affiliates, including Safemark*.") (emphasis added); *Otis*, 422 F. Supp. 3d at 501 (holding that the "2014 Franchise Agreement … provide[s] that Wyndham 'affiliates' may offer assistance in purchasing approved systems conforming to system standards" and that "Otis Elevator Company is one of these affiliates"). That is not the case here. AVM has admitted that it is not an affiliate. (Doc. 108, AVM's Resp. Pl.'s SOAF ¶ 22). Thus, AVM's attempt to derive permission through the 2014 Franchise Agreement on that basis fails. *Gorss Motels, Inc. v. Sprint Commc'ns Co.*, 2020 WL 818970 at *3 (D. Conn. Feb. 19, 2020) ("*Sprint I*").

Second, as held by the Court in *Sprint I*, even if AVM were an affiliate of Wyndham, "nothing in the numerous franchise-related documents that Gorss signed gave an express invitation or permission for *anyone* to target Gorss's fax machine with advertisements." 2020 WL 818970 at *2. While the courts in both *Safemark* and *Otis* refence Paragraph 4.4 as the basis for prior express permission, the Court in *Sprint I* rejected that basis, noting that "nothing in Paragraph 4.4 refers to fax communications of any kind (much less to fax advertisements)," and that "the only reference to fax communications in the entire 2014 Franchise Agreement appears some eleven pages later in Paragraph 17.3 of the agreement with respect to the issuance of formal legal notices." *Id*. at *3-4. The court concluded that "[no] reasonable person would associate Paragraph 4.4 with Paragraph 17.3," "[n]or would a reasonable person contemplate that, by agreeing to the furnishing of a fax

number for formal legal notice purposes, the person is agreeing to receive fax advertisements proclaiming "Get Unlimited Data FREE for 12 Months!!!!" *Id.* at *4.

Third, the PIP also says nothing about fax ads.  Rather, it says Plaintiff agrees that "[o]nly information necessary for the vendor to offer their products and services will be provided, including contact information, property address, number of rooms, brand converting to, and a list of items related to necessary or required products and services."   (AVM's Resp. Pl.'s SOAF ¶ 14). That contact information is provided for in the PIP and it <u>does not</u> include Plaintiff's fax number. (*Id.* at ¶ 15). Without providing its fax number in the PIP, Plaintiff could not have "affirmatively and explicitly" provided its permission to be sent fax advertisements by AVM. *See Physicians Healthsource, Inc. v. A-S Medication Sols., LLC,* 950 F.3d 959, 966-67 (7th Cir. 2020) (setting forth evidentiary showing required for affirmative defense of prior express permission to send fax ad under TCPA, stating customer "must understand that by providing a fax number, he or she is agreeing to receive fax advertisements," customer must "affirmatively and explicitly" give the advertiser permission to send "fax advertisements," and recipient must specifically acknowledge that faxed advertisements will follow its consent to constitute prior express permission") (citations omitted); *see also Sprint I,* 2020 WL 818970 at *2  ("[e]xpress permission to receive a faxed ad requires that the consumer understand that by providing a fax number, he or she is agreeing to receive faxed advertisements") (quoting *In re Rules & Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, 68 Fed. Reg. 44144, 44168, 2003 WL 21713245 (F.C.C. 2003) (emphasis added)).

In sum, AVM's arguments regarding *Eric Ryan* are unpersuasive.

Respectfully submitted,

GORSS MOTELS, INC., individually and as the
representative of a class of similarly-situated
persons

By: /s/ Ryan M. Kelly

Ryan M. Kelly ct30230
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
rkelly@andersonwanca.com

Aytan Y. Bellin
**BELLIN & ASSOCIATES LLC**
85 Miles Avenue
White Plains, NY 10606
Telephone: (914) 358-5345
Facsimile: (212) 571-0284
Aytan.Bellin@bellinlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Ryan M. Kelly